**Dorothy KUTCHMAN, Plaintiff-Appellant,**

v.

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 17789.**

United States Court of Appeals, Seventh Circuit.

March 20, 1970.

---

3. Since Schlitz's back dues exceeded $286.00 and did not therefore fall under the alternative in the 1965 Union policy, *i. e.,* if back dues were less than $286.00 the sum due for back dues became the required reinstatement fee, we do not pass on this alternative policy.

Franklin M. Lazarus, Chicago, Ill., for plaintiff-appellant.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for defendant-appellee; John Peter Lulinski, Archibald T. LeCesne, Asst. U. S. Attys., of counsel.

Before SWYGERT, Chief Judge, FAIRCHILD, Circuit Judge, and MORGAN,[1] District Judge.

ROBERT D. MORGAN, District Judge.

Upon plaintiff's petition for review, filed under the provisions of Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), the court below entered summary judgment affirming the decision of the Secretary denying plaintiff's applications to establish a period of disability and for disability insurance benefits. Plaintiff appeals from that judgment.

There is no factual dispute. Plaintiff suffered poliomyelitis as a child, as a re-

1. Judge Robert D. Morgan is sitting by designation from the United States District Court for the Southern District of Illinois.

sult of which she has since suffered from partial paralysis. She has no use of her left arm. Her left leg is seriously affected by paralysis.

She completed high school. Thereafter, with the exception of certain periods of unemployment because of injury and for other reasons, she was employed in various sedentary, or semi-sedentary, occupations during a period of some twenty years and until May 28, 1964. Her employment was terminated at that time because of difficulties with her left leg. Shortly thereafter she endured a long period of hospitalization for therapeutic procedures, including fusion of her left ankle.

She filed an application for the establishment of a period of disability and disability benefits in December, 1964. In September, 1965, the Secretary determined that she was entitled to a period of disability, commencing in May, 1964, and to disability benefits. A factor deemed significant by the Secretary at that time was the fact that plaintiff, because of her physical condition, could not use public transportation in going to and from work.

On April 25, 1966, plaintiff obtained employment as a receptionist in the Personnel Department at the Lutheran Deaconess Hospital in Chicago. She did all the work that her predecessor in employment had done, except typing, and except for the fact that she worked a three-day week. After three months at Lutheran, she terminated her employment because the work and difficulties of travel to work proved too strenuous for her.

Thereafter, in October, 1966, plaintiff obtained employment at Norwegian American Hospital in Chicago. She was still engaged in that employment at the time of the hearing before the Hearing Examiner in February, 1968. Her work entailed the answering of phones, taking messages for doctors, handling mail, selling and distributing newspapers and issuing visitors passes. Much of her work is done at her desk, though the job does require considerable walking on the main floor of the hospital. At the time of that hearing, she was working an average of thirty-six hours per week. Her take-home pay was approximately $79.00 bi-weekly.

Though her supervisor at Norwegian stated that plaintiff was totally disabled, she also stated that no special conditions are arranged for plaintiff, that she was hired on her merit because she could do the work required, and that her employment would be terminated if she were not able to do the work which her job requires.

In June, 1967, the Secretary terminated plaintiff's period of disability and disability benefits upon the ground that she was working substantially full time for wages and that she was therefore able to engage in substantial gainful activity. Following a hearing before a Hearing Examiner, held at plaintiff's request, the Examiner found that plaintiff was under a disability from May, 1964, until April, 1967, and that, under the applicable statutes, her entitlement to disability insurance benefits ended in June, 1967.

No new medical evidence was introduced at that hearing.

The Hearing Examiner found that there had been no substantial change in plaintiff's physical condition since the date of the prior disability determination. He also found that the fact of her employment in a position in the competitive labor market deomonstrated her ability to engage in substantial gainful activity.[2]

■ The judgment below must be affirmed. It is apparent from the administrative record that the Secretary's finding that plaintiff is able to engage in substantial gainful activity is supported by substantial evidence. That determination exhausts the limits of our

2. Plaintiff was still unable to use public transportation. She used private transportation provided by a friend, or taxi service when necessary.

power of review. 42 U.S.C. § 405(g); Workman v. Celebrezze, 7 Cir., 360 F.2d 877, 878; Jones v. Celebrezze, 7 Cir., 331 F.2d 226, 227; Degner v. Celebrezze, 7 Cir., 317 F.2d 819, 820–821.

The thrust of plaintiff's argument for the opposite result rests upon the assertion that the evidence as to the amount of plaintiff's earnings, alone, supports the Secretary's determination. She asserts that the original medical evidence, including evidence of her pain, and the finding that her physical condition has not changed substantially since 1964, refutes the presumption of her ability to engage in substantial gainful activity.[3] Principal reliance to support that argument is based upon the decisions in Leftwich v. Gardner, 4 Cir., 377 F.2d 287, Hanes v. Celebrezze, 4 Cir., 337 F.2d 209, and Yarborough v. Gardner, E.D. N.C., 283 F.Supp. 814.

Since disability claims invoke a fact-finding process upon the basis of the evidence presented in support of the particular claim, it is always questionable whether the invasion by a court of the bog of comparative case analysis serves any useful purpose. Extended analysis of those cases is not, therefore, undertaken. It is sufficient to observe that *Leftwich* involved politically-created employment activity in a job which the claimant was not physically capable of performing. 377 F.2d at 289. The critical issue in both *Hanes*, 337 F.2d at 215, and *Yarborough*, 283 F.Supp. at 820, 822, 823, was the absence of a finding by the Secretary that "substantial gainful activity" was involved. In each of the latter two cases it appeared that only a few hours per month were devoted to the activity from which compensation was derived.

Of more pertinency to this case are statements by courts that proof of the fact of engagement in substantial gainful activity supports the denial of disability benefits, though the medical evidence, standing alone, would have led to the opposite conclusion. Marshall v. Gardner, S.D.W.Va., 298 F.Supp. 542, 545, aff'd per curiam, 4 Cir., 408 F.2d 883; Simmons v. Celebrezze, 4 Cir., 362 F.2d 753, 755.

The Hearing Examiner noted in his findings that the medical evidence sustained a period of disability for plaintiff commencing in 1964, and that there was no medical evidence that her physical condition had thereafter substantially changed. He also noted that plaintiff had been working in a competitive labor market upon substantially a full-time basis, having gained and retained her employment by virtue of her ability to perform the work required in a satisfactory manner without assistance or special conditions created for her. She had a perfect work attendance record at Norwegian at the time of the hearing. In sum, those factors, together with the amount of her earnings in excess of $140 per month, are adequate to support the Secretary's determination that she was no longer disabled within the meaning of the Act. 20 C.F.R. 404.-1532(b), (c), 404.1533, 404.1534.

Admiration for plaintiff's courage and determination in the face of serious physical limitations cannot be permitted to influence the disposition of this case. Nor can the fact that she worked despite frequent pain have any bearing. In that regard, courts have stated that the existence of pain is evidence which the Secretary must consider. *E. g.*, Page v. Celebrezze, 5 Cir., 311 F.2d 757, 762–763; Butler v. Flemming, 5 Cir., 288 F.2d 591, 595; Ber v. Celebrezze, 2 Cir., 332 F.2d 293. In the latter case the court said that the Secretary had to consider the existence of pain, subjectively, and if it was shown to preclude the particular claimant from engaging in substantial gainful activity

---

3. " * * * An individual's earnings from work activities averaging in excess of $125 a month [now $140] shall be deemed to demonstrate his ability to engage in substantial gainful activity in the absence of evidence to the contrary." 20 C.F.R. 404.1534(b).

**24**

such claimant was disabled. 332 F.2d at 298–301. Each of those cases involved an initial determination as to whether disability, within the statutory definition, existed. These were claims by persons not employed who cited the existence of pain as evidence of disability. In this case, despite pain, plaintiff has resumed remunerative employment in the competitive labor market. Significantly, she had not been absent from work for a single day from October, 1966, until February, 1968. The evidence that she did suffer pain was not ignored, but it was weighed against the undisputed evidence of her employment record beginning in 1966.

Plaintiff had the burden of proving her claim of disability. *E. g.,* Workman v. Celebrezze, *supra*; Jones v. Celebrezze, *supra*; Degner v. Celebrezze, *supra*. The Secretary found that plaintiff was engaged in substantial gainful activity. We may not disturb that finding which the evidence of record substantially supports.

The judgment is affirmed.