**Edward C. BRESKA, Plaintiff,**

v.

**Elliot RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

No. 70-C-728.

United States District Court,
E. D. Wisconsin.

June 30, 1972.

Margaret B. Dadd, and Robert D. Repasky, Milwaukee Legal Services, Milwaukee, Wis., for plaintiff.

Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

### OPINION AND ORDER

TEHAN, District Judge.

The question presented on this petition of Edward C. Breska for review of a final decision of the Secretary of Health, Education and Welfare filed pursuant to § 205(g) of the Social Security Act (42 U.S.C. § 405(g)) is whether the claimant's engagement in work which both the Hearing Examiner and the Appeals Council found to be substantial gainful activity from June, 1966 to June, 1967 (Finding #4 of Hearing Examiner; Finding #3 of Appeals Council) destroyed his eligibility for a period of disability or disability insurance benefits under § 216(i) and § 223 respectively of the Act (42 U.S.C. § 416(i) and § 423). It is undisputed that the claimant last met the special earnings requirements of the Act on June 30, 1965 and had the burden of establishing that he was under a disability on or prior to that date which continued to at least 14 months prior to the date he filed his application to establish a period of disability and for entitlement to disability insurance benefits on August 28, 1969.[1]

The facts concerning the claimant's physical condition and employment history are basically not in dispute. He was born on April 26, 1905 and quit

---

1. The claimant was receiving retirement benefits under the Act when the application was filed, having applied therefor in February, 1967 and begun receiving them in April, 1967. As we understand the statements of counsel at oral argument, the action taken on the disability claim will affect the amount of his monthly benefits to an as yet undetermined extent.

school in the eighth grade, engaging in various types of employment until 1960 when he was laid off as an assembler of motor brakes in a machine shop because of his physical inability to do the work. Thereafter and until June, 1966, he received unemployment benefits, used his savings and received relief payments.[2]

In June of 1966, the claimant obtained employment in Juneau Village, an apartment building, sweeping and vacuuming rugs and elevators. The work performed was not "made work" and he received no special treatment on the job. He remained in this employment full time until November, 1966, and four hours a day from November until June, 1967, earning an average of over $140.00 a month.

The medical evidence reveals without question that the claimant has suffered since 1958 from a crippling arthritic, arteriosclerotic and peripheral vascular disease. It also appears clear that had he not worked at Juneau Village in 1966 and 1967 he would be entitled to the disability benefits claimed, and that his work at Juneau Village was performed when his physical condition was such that he should not have attempted to perform any work.

The defendant, Secretary of Health, Education and Welfare, has now moved for summary judgment. After considering the record herein, the briefs filed, and the arguments of counsel, the court is prepared to render its decision.

The Hearing Examiner, whose decision in favor of the claimant was reversed by the Appeals Council, set forth his reasoning as follows:

" . . . that the claimant was precluded beginning January 1, 1961 from engaging in substantial gainful activity; and that the claimant engaged in substantial gainful activity from June 1966 to June 30, 1967 in spite of his condition, therefore, he successfully completed a nine-month trial work period in February 1967, and his period of disability ceased as of April 30, 1967; he again became

unable to engage in substantial gainful activity beginning July 1, 1967; and that such disability has continued to the date of this decision and is expected to continue in the future."

holding, as we read his decision, that two separate periods of disability existed, the second of which began two years after his special earnings requirements ceased to be met. In reversing, the Appeals Council adopted the Hearing Examiner's statements as to evidentiary facts and, like the Hearing Examiner, found that the claimant engaged in substantial gainful activity from June, 1966 to June, 1967, basing this finding on the claimant's performance of work resulting in earnings in excess of $140.00 a month during that period. Unlike the Hearing Examiner, it ruled that any claimed disability of the claimant ceased in June, 1966 "by virtue of his demonstrated ability to engage in substantial gainful activity." (p. 4 of Decision of Appeals Council). Noting that § 216(i) (2) (E) of the Act provides that "entitlement to a period of disability may not be established under an application if the period would have ended more than 12 months before the date such application was filed" (p. 2 of Decision), and that the first period of disability found by the Hearing Examiner ended more than 14 months before the claimant's application was filed, it ruled that entitlement to a period of disability could not be based on the claimant's condition prior to June, 1966. With respect to the second claimed period of disability, the Appeals Council noted, like the Hearing Examiner, that the claimant last met the special earnings requirements of the Act in June, 1965, and held that he could not establish his claim on a disability arising after that date, that is, in June of 1967.

The claimant presents no argument challenging the legal basis of the Appeals Council's decision, that is, he does not contend that under the Act he is entitled to a period of disability and disability insurance benefits even if his

---

2. During part of this period, he performed some work for the county as a relief re-

cipient, a fact which the parties agree is immaterial to the issues before the court.

work at Juneau Village constituted substantial gainful activity, a contention which would be in accord with the Hearing Examiner's decision. Rather, he challenges the finding that the work which he performed at Juneau Village constituted, in fact, substantial gainful activity.[3] Under § 205(g) this finding is conclusive if supported by substantial evidence.

The evidence relied upon by the defendant to support the finding that the claimant could engage in substantial gainful activity from June, 1966 to June, 1967 is solely the fact that he did, in fact, work under regular conditions, earning more than $140.00 a month. The Social Security Administration Regulations provide in 20 C.F.R. § 404.-1534(b):

> "(b) *Earnings at a monthly rate in excess of $140.* An individual's earnings from work activities averaging in excess of $140 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity unless there is affirmative evidence that such work activities themselves establish that the individual does not have the ability to engage in substantial gainful activity under the criteria in §§ 404.1532 and 404.1533 and paragraph (a) of this section."

The regulation sets forth a presumption which neither the Hearing Examiner nor the Appeals Council found to be rebutted. The claimant argues, in effect, that this presumption was rebutted by the unquestioned medical evidence and testimony of the claimant that his work was performed under serious physical handicaps and severe pain, pain which few persons could have taken. The rebuttal of the presumption, he contends, strips the record of support for the finding of ability to engage in substantial gainful activity.

The claimant's argument is surely not without its appeal. Clearly, he forced himself to perform his work at Juneau Village under circumstances which a lesser man, or the claimant himself, could have justified as disabling. However, we believe, that the law in this Circuit compels us to hold that evidence of the claimant's work activity constituted substantial evidence supporting the finding of ability to engage in substantial gainful activity and that the evidence as to his medical condition and pain is not sufficient to rebut the presumption set forth in the regulation.

Kutchman v. Cohen, 425 F.2d 20 (7th Cir. 1970) is, in our opinion, indistinguishable in substance from this case. The court in *Kutchman* held that proof of the fact of engagement in substantial gainful activity supports the denial of disability benefits which would be warranted by the medical evidence standing alone, noting that the plaintiff's earnings in a competitive labor market under conditions involving no favoritism supported a determination of lack of disability despite the fact that the plaintiff worked despite frequent pain. True, in *Kutchman* the plaintiff continued to work at the time of the hearing, while the claimant here retired. However, his retirement occurred after engagement in substantial gainful activity, at a time when he no longer met the special earnings requirements of the Act.

Counsel for the claimant urges that the Appeals Council did not follow the requirement of *Kutchman* of considering the existence of pain to determine if it precluded engagement in substantial gainful activity so as to support a finding of disability. As we read both the Appeals Council and Hearing Examiner's decisions, the claimant's condition was weighed against his work record when a finding of no disability was made. The presumption set forth in the regulation was not regarded or applied by the Appeals Council as conclusive.

Because the findings of the defendant are supported by substantial evidence,

It is ordered: That the defendant's motion for summary judgment is granted and the decision of the defendant is affirmed.

---

3. It should be stressed that both the Hearing Examiner and the Appeals Council so found.