**John M. FLYNN, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, WASHINGTON, D. C., Defendant.**

**Civ. A. No. 70-C-469.**

United States District Court,
E. D. Wisconsin.
July 20, 1972.

Robert L. Jackson, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty., by David B. Bukey, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

This action is brought pursuant to Title 42 U.S.C. § 405(g) for review of the final decision of the Secretary of Health, Education, and Welfare that the plaintiff John M. Flynn is not entitled to disability insurance benefits as provided for in the Social Security Act, Title 42 U.S.C. §§ 416(i) and 423. The Government has filed a motion for summary judgment. The motion has been briefed by both parties and is now before me for decision. I find that under the law it has to be granted.

The undisputed facts in this case are as follows. Plaintiff, born in 1937 and a high school graduate with special training in the maintenance of can-making machinery, suffered a knee injury while water skiing on July 6, 1968. In late July his knee was operated on, and he was discharged from the hospital in early August. A slow recovery period followed. From August of 1968 to January of 1969, Mr. Flynn was on crutches and until May of 1969 he used a cane. However, during the period plaintiff walked with the aid of a cane, he was able to drive his car.

Mr. Flynn received sick pay from an insurance company from July 1968 until October 1969 when he returned to his job as a maintainer at Continental Can Company. This job required heavy exercise and was the job plaintiff held prior to his accident. Earlier in the summer of 1969, plaintiff had attempted to return to work but the company insurance doctor refused to permit it. While recovering from his knee injury, Mr. Flynn took courses in real estate. He received his license in August of 1969 and immediately began work. Prior to his accident plaintiff had work experience in various types of assembly work and also as an elevator operator and military policeman.

Plaintiff's physician, in his last report on file (August 22, 1969), stated that there was a period of two or three months when Mr. Flynn refused to do any of the exercises prescribed for recovery and that this may have slowed his recovery and contributed to the excessively long postoperative period.

The plaintiff filed an application for disability insurance benefits on June 25, 1969. The application was denied both initially and upon reconsideration. On March 30, 1970, a hearing examiner considered the case *de novo* and found that Mr. Flynn was entitled to disability insurance in that he was disabled from July 6, 1968 to October 14, 1969. The appeals council, on its own motion, reviewed the hearing examiner's decision and on June 9, 1970, found that plaintiff had not been disabled for a year and thus was not eligible for insurance benefits. The decision of the appeals council became the final decision of the Secretary of Health, Education, and Welfare.

The parties are agreed that the only issue is whether the plaintiff was disabled within the meaning of the law. Title 42 U.S.C. § 423 defines disability for purposes of disability insurance benefits as follows:

"(d) (1) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical * * * impairment which * * *

has lasted * * * for a continuous period of not less than 12 months;
* * *

* * * * * *

"(2) For purposes of paragraph (1) (A)—

"(A) an individual * * * shall be determined to be under a disability only if his physical * * * impairment * * * [is] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy * * *."

The Secretary found that the plaintiff failed to meet the statutory definition of "disability." Title 42 U.S.C. § 405(g) commands that any finding of fact by the Secretary shall be deemed conclusive if it is supported by substantial evidence. Thus, the only issue before me is whether the Secretary's finding of non-disability is supported by substantial evidence.

The evidence brought forward in this matter showed that within a year after plaintiff's accident, he was able to walk unaided, drive his car, and attend school. It was also shown that shortly after the one-year period Flynn began working as a real estate salesman and that one and one-quarter years after the accident he resumed working at his old job, a job that required strenuous exercise. In order for the appeals council to find that Flynn was disabled during the one-year period commencing July 1968, it had to find that "not only [was he] unable to do his previous work but [that he could not] * * * considering his age, education, and work experience, engage in any other kind of substantial gainful work * * *." Title 42 U.S.C. § 423. The record before me contains substantial evidence to the effect that plaintiff was able to perform "light or moderate work, commensurate with the claimant's age, education, and work experience * * * [within the] 12-month period." (Quoting the findings of the appeals council.)

It is therefore ordered that the defendant's motion for summary judgment be and it hereby is granted.