**Joseph CALVEY, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**No. 72–C–386.**

United States District Court, E. D. Wisconsin.

Feb. 14, 1973.

Robert J. Lerner, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty., by Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this action seeks reversal of the decision of the appeals council of the Social Security Administration which affirmed the hearing examiner's disallowance of disability benefits for the plaintiff. The decision of the appeals council is the secretary's final decision in this matter. Subsequent to the government's filing of its answer, both the plaintiff and the defendant moved for summary judgment

pursuant to Rule 56(a), Federal Rules of Civil Procedure. The court is satisfied that there are no genuine issues of material fact and that the action is ripe for resolution.

The test to be employed by this court is whether the secretary's decision is supported by "substantial evidence." Kutchman v. Cohen, 425 F.2d 20 (7th Cir. 1970); Flynn v. Secretary of Health, Education and Welfare, 344 F. Supp. 94 (E.D.Wis.1972); Breska v. Richardson, 346 F.Supp. 1150 (E.D.Wis. 1972).

It is undisputed that the plaintiff suffers from various afflictions including asthmatic bronchitis, arterio-sclerotic heart disease, and Laennec's cirrhosis. The plaintiff was formerly employed at the Patrick Cudahy meat packing plant where he was required to push baskets weighing approximately 1500 pounds a distance of 100 feet; he was subsequently assigned to operate a canning machine which involved placing meat in a hopper and activating a switch. During his last year of employment, between December 1968 and December 1969, the plaintiff was absent from work 45 days.

Although the plaintiff testified before the hearing examiner that he develops chest congestion and breathing difficulties when he engages in any physical activities, pulmonary studies revealed "minimal ventilation impairment". An electrocardiogram was within normal limits. Sedentary employment was recommended.

The plaintiff further testified that he was unable to perform any kind of light sedentary work, but a physical capacities examination conducted by the Curative Workship of Milwaukee revealed that the plaintiff had substantial functional capacity for such light and sedentary jobs as timekeeper, stock inventory, or parts clerk.

In view of this evidence, I find that the hearing examiner's decision is supported by substantial evidence. Accordingly, the defendant's motion for summary judgment should be granted.