**Margarita GONZALEZ,**
**Plaintiff–Appellant,**

v.

**Patricia R. HARRIS, Secretary of the United States Department of Health and Human Services, Defendant–Appellee.**

**No. 78–3369.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 1980.

Decided Oct. 27, 1980.

---

**144**

Robert Taren, argued for plaintiff–appellant; Douglas C. Gillies, Santa Cruz, Cal.; on brief.

Maria Rivera, Asst. U.S. Atty., San Francisco, Cal., argued for defendant–appellee;

Linda C. Jamieson, Asst. U.S. Atty., San Francisco, Cal., on brief.

Before MERRILL, Circuit Judge, MARKEY,[*] Customs and Patent Appeals Judge, and BOOCHEVER, Circuit Judge.

MERRILL, Circuit Judge:

This action was brought by appellant pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to review a decision of the Social Security Administration terminating both her disability insurance benefits and her supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*; 42 U.S.C. §§ 1382 *et seq.*

The disability program is administered jointly by state and federal agencies. In 1975, the Social Security Administration awarded appellant disability benefits, subject to monitoring by a state agency to assure that her eligibility for benefits continued. In 1976, the state agency conducted an investigation and determined that disability had ceased as of December, 1976.[1]

---

[*] Honorable Howard T. Markey, Chief Judge of the United States Court of Customs and Patent Appeals, sitting by designation.

1. The state agency report recommending cessation of disability benefits stated:

"The Claimant was found to be under a disability since 8 23–74 due to obesity and a ventral hernia. * * * Medical improvement was expected and a medical reexamination diary date was established. There is no work issue involved in this case.

The medical evidence establishes a history of obesity and a hernia. However, the medical evidence establishes that the Claimant has made significant medical improvement. The medical evidence establishes that the Claimant has no evidences of any severe end organ damage associated with her history of obesity. There is as well no evidence that the condition causes any severe functional limitations. Review of the medical evidence also does not indicate any evidences of any malnutrition, malabsorption, renal involvement, or bowel obstruction. The medical evidence indicates that the Claimant has a history of a ventral hernia. However, the medical evidence establishes that this condition is controlled by use of a support. There is no evidence of any severe complications as a result of her history of a hernia. Indications are that the Claimant has regained the residual functional capacity to engage in the following activities: fine manipulation, simple grasping, pushing/pulling motions, hand twisting, operating foot controls, and reaching above shoulder level. The Claimant is also capable of performing activities involving body balancing, occasional bending. Along with the just mentioned capabilities, the Claimant is also capable of sitting, standing, and walking for six hours or more, with occasional lifting and carrying of 20 pounds and frequently lifting and carrying of 10 pounds. Review of the medical conditions and the resulting residual functional capacity, indicates that the Claimant has regained the capability to engage in SGA [substantial gainful activity] at her customary occupation as a cannery worker which is listed in the Dictionary of Occupational Titles as a full range of light work.

Therefore, disability is ceased as of 12–76."

This determination was reported to and accepted by the Social Security Administration, which then notified appellant that her benefits would be terminated in two months.

At appellant's request, a hearing was conducted on June 23, 1977, before an Administrative Law Judge. He accepted the state agency's determination that the prior disability had ceased as of that date, and ruled that appellant's entitlement to social security disability benefits and supplemental security income benefits ended effective February, 1977. Appellant requested and secured review by the Appeals Council, which affirmed the decision of the Administrative Law Judge. This action was then commenced. The district court rendered summary judgment for the Secretary, and this appeal was taken.

42 U.S.C. § 423(d)(1) provides:

"The term 'disability' means—

(A) inability to engage in any substantial gainful activity *by reason of any medically determinable physical or mental impairment* which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * * " (emphasis supplied).

Section 423(d)(3) provides:

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are *demonstrable by medically acceptable clinical and laboratory diagnostic techniques.*" (emphasis supplied).

The Supreme Court has stated:

"In order to establish initial and continued entitlement to disability benefits a worker [must satisfy the requirements of 42 U.S.C. §§ 423(d)(1)(A) and 423(d)(3)]

&ast; &ast; &ast; &ast; &ast; &ast;

To satisfy this test the worker bears *a continuing burden of showing, by means of 'medically acceptable clinical and laboratory diagnostic techniques,'* § 423(d)(3), that he has a physical or mental impairment of such severity that

'he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy * * * .' " (emphasis supplied).

*Mathews v. Eldridge,* 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, (1976).

This court has held that the burden lies on a claimant to establish that a physical or mental impairment prevents him or her from engaging in his or her previous occupation. The burden then shifts to the Secretary to prove that the claimant can engage in other types of gainful work. *Johnson v. Harris,* 625 F.2d 311 (9th Cir.); *Cox v. Califano,* 587 F.2d 988 (9th Cir. 1978).

■ On review of an agency determination that disability has ceased, the question is whether the finding of the agency is supported by substantial evidence. *Hall v. Secretary of Health, Education and Welfare,* 602 F.2d 1372, 1374 (9th Cir. 1979). In our case the question is whether appellant has met her burden of establishing a prima facie case of disability as of December, 1976. As the Supreme Court has noted, that burden is a continuing one. It does not cease or shift after an initial ruling of disability has been had. *Myers v. Richardson,* 471 F.2d 1265 (6th Cir. 1972).

■ Before the Administrative Law Judge, appellant was the only witness. She testified to her aches and pains and limitations on her physical capacity to perform useful and routine tasks. Medical evidence, however, on which by statute any determination of disability must rest, was notably lacking. Appellant's regular doctor, Dr. Nestler, filed a series of reports noting the days on which appellant had called on him over a period of years, and the complaints she had recited on those occasions (*e. g.*, aches, pains, fever, cough, sore throat, vomiting, chills, flu–like syndrome). Nothing in those reports related to the question of disability. The only medical evidence in the administrative record bearing on the question of disability as statutorily defined was (1) a letter from a Dr. Newhall, apparently responding to an inquiry from the state

agency in 1975 prior to its initial grant of disability benefits to appellant and thus not directly relating to conditions existing at the time of the investigation here in question; (2) a report of a contact made by an agency representative with Dr. Nestler in January, 1977. The letter written in 1975 stated: "Significant deficits in stamina and ability to perform any type of physical activity involving even mild exertion are expected to continue throughout the foreseeable future." The 1977 report stated: "Dr. Nestler has been treating claimant for a number of years. She has always been obese but this has not prevented her from being quite active. She is able to stand, walk and sit without difficulty. She has multiple complaints but no significant objective findings. She does have a ventral hernia that would prevent her from lifting heavy weights."

Appellant had testified that she was caring for a daughter and two grandchildren and that she had the responsibility of doing the housework. Her daughter was physically disabled by polio and had psychiatric problems. She needed company. "She doesn't like to be by herself."

The Administrative Law Judge took note of Dr. Newhall's prognosis as we have quoted it, but discounted it, stating:

"The claimant's own testimony relative to her daily activities is at variance with the Doctor's conclusion. Her duties include taking care of the household for four persons, cooking, cleaning, washing and hanging clothes, etc. These duties would seem to involve more than 'mild exertion'."

As to appellant's own testimony, the judge stated: "The claimant's own description of her pain and physical restrictions, the inability to hold things in her hands, etc., appears to be exaggerated and is not credible. The medical evidence indicates that the primary disability is the arthritis of the spine. There is no substantial evidence that this condition

has yet advanced to this stage of totally disabling the claimant."

The judge also noted:

"In view of the claimant's testimony that her daughter would be unable to maintain the household including herself and the two children, the question arises as to whether Mrs. Gonzalez is free to seek or accept employment, since she has apparently committed herself to the care of her daughter and grandchildren."

Appellant's responsibilities, her daughter's condition and the needs of her grandchildren may well entitle the family to Social Security benefits of other sorts, but they cannot supply the requisites of disability.

We conclude that since appellant failed to meet her burden of establishing disability as of December, 1976, the district court properly rendered summary judgment for the Secretary.

Affirmed.