Melvin T. LYLE, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

No. 82–4072.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 1982.

Decided March 2, 1983.

Harold Hadley, Marysville, Cal., for plaintiff-appellant.

Jerry J. Bassett, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before MERRILL, DUNIWAY and FERGUSON, Circuit Judges.

MERRILL, Circuit Judge:

Appellant Melvin Lyle brought this action pursuant to the provisions of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), to review a final decision of the Secretary of Health and Human Services denying Appellant's application for Social Security disability benefits and Supplemental Security Income benefits. The District Court granted summary judgment in favor of the Secretary, and Lyle appeals.

Appellant was a roofer who sustained injuries from a fall on November 4, 1977. He sought disability benefits under Title II of the Social Security Act. On January 4, 1979, an Administrative Law Judge, after hearing, found that Appellant was not capable of doing his usual heavy work as a roofer but found that he was capable of doing light work, and thus found that Appellant was not disabled. He denied Appellant's application. This decision became final on March 31, 1979, when it was approved by the Appeals Council. Appellant did not seek judicial review of this decision.

On July 9, 1979, three-and-a-half months later, Appellant filed a second application for disability insurance and also applied for Supplemental Security Income benefits based on disability under Title XVI of the Social Security Act. These applications are the bases of this suit. The applications, after state agency evaluation of the evidence, were denied by the Social Security Administration and were then considered *de novo* by a second Administrative Law Judge who ruled that he would not consider evidence which had been before the other Administrative Law Judge at the January 1979 hearing. He then considered the new medical evidence and found that it demonstrated no change in Appellant's physical condition from the condition that had existed in January. He reaffirmed the finding of the first Administrative Law Judge that Appellant's physical impairment prevented him from engaging in his former employment but found that it did not restrict him from performing light work. He concluded that as of July 9, 1979, Appellant was not disabled. This became the Secretary's final decision when approved by the Appeals Council. Appellant then brought this action.

Appellant contends that once he had made out a *prima facie* case to the effect that his impairment prevented him from engaging in his former employment, the burden shifted to the Secretary to show that he could nevertheless engage in other gainful work.[1] Appellant therefore contends that it was error for the Administrative Law Judge to give collateral estoppel or *res judicata* effect to the findings of the first judge as to Appellant's condition on January 4, 1979. He contends that the Secretary must again meet his burden *de novo*. We disagree.

■ The final decision of the Secretary on March 31, 1979, established that as of January 4, 1979, Appellant was not disabled. This decision as of that date was entitled to *res judicata* effect.[2] The question before the second Administrative Law Judge was whether conditions had changed since that time. In *Patti v. Schweiker*, 669 F.2d 582 (9th Cir.1982), we reaffirmed the

rule of *Gonzalez v. Harris*, 631 F.2d 143, 145 (9th Cir.1980), which indicates that the burden of proof is on the claimant to show disability and that this burden does not shift even after an initial determination of disability has been made. 669 F.2d at 586. We held that in absence of proof of change, a prior ruling respecting disability gives rise to a presumption that the condition continues to exist. *Id.* at 586–87. *See also Ward v. Schweiker*, 686 F.2d 762, 765 (9th Cir. 1982).

■ While *Patti* involved a prior determination that a claimant was disabled, we believe that its logic should be extended to situations where the claimant has previously been determined not to be disabled. In this case, therefore, the prior administrative ruling created a presumption that Appellant continued to be able to do light work. The second Administrative Law Judge determined that Appellant had presented no evidence of change to overcome this pre-

---

1. In *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court dealt with a burden borne by an applicant for disability benefits. It stated:

> In order to establish initial and continued entitlement to disability benefits a worker must demonstrate that he is unable
>
> "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A).

To satisfy this test the worker bears a continuing burden of showing, by means of "medically acceptable clinical and laboratory diagnostic techniques," § 423(d)(3), that he has a physical or mental impairment of such severity that

> "he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, [...]." § 423(d)(2)(A).

*Id.* at 336, 96 S.Ct. at 903 (footnote omitted).

This Court in a series of cases has held that the burden lies on a claimant to establish that a physical or mental impairment prevents the claimant from engaging in his or her previous occupation, and that the "burden" then shifts to the Secretary to prove that the claimant can engage in other types of gainful work. *Bonilla v. Secretary of Health Ed. & Welfare*, 671 F.2d 1245, 1246 (9th Cir.1982) (per curiam) ("The

burden" shifts); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir.1982) ("The burden" then shifts); *Gonzalez v. Harris*, 631 F.2d 143, 145 (9th Cir.1980) ("The burden" then shifts); *Johnson v. Harris*, 625 F.2d 311, 312 (9th Cir. 1980) ("burden of going forward with the evidence" shifts); *Cox v. Califano*, 587 F.2d 988, 990 (9th Cir.1978) ("It is incumbent on the Secretary to show").

We have not (with the exception of *Johnson v. Harris*) specified whether the burden which shifts to the Secretary is the "burden of proof" or merely "the burden of going forward with the evidence". A degree of ambiguity results. The United States asserts that to hold that the burden which shifts is the ultimate burden of proof (rather than the burden of going forward) is foreclosed by *Mathews v. Eldridge*. It urges us to set the matter at rest through en banc hearing if necessary. We do not find that necessary to this decision. Under either definition, the government has met its burden.

2. *Res judicata* principles are properly applied in the context of administrative decisions, although in such a context "the res judicata doctrine is not as rigid as it is with courts." *Stuckey v. Weinberger*, 488 F.2d 904, 911 (9th Cir.1973) (en banc). Appellant concedes that application of administrative *res judicata* in this case would not result in the "manifest injustice" of which this Court warned in *Thompson v. Schweiker*, 665 F.2d 936, 940–41 (9th Cir.1982).

sumption that his ability to do light work persisted. The Secretary met his burden of showing Appellant's ability to perform other work by virtue of Appellant's failure to present any evidence to rebut this presumption. The Administrative Law Judge properly applied *res judicata* principles in this case.

We find no merit in any of Appellant's other assignments of error.

The judgment of the District Court granting summary judgment in favor of the Secretary is AFFIRMED.