Janet BROWNTON, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant.

No. C–82–5981–WWS.

United States District Court,
N.D. California.

Aug. 5, 1983.

Robert E. Taren, Santa Cruz, Cal., for plaintiff.

Gary A. Hall, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

This is an appeal from a final decision of the Secretary of Health and Human Services ("the Secretary") denying plaintiff Janet Brownton disability benefits. 42 U.S.C. § 405(g). Plaintiff claims that she is disabled by emotional and psychological problems and by physical pain stemming from former injuries. The Administrative Law Judge ("the ALJ") found little objective clinical evidence of physical or mental impairments which would prevent plaintiff from returning to her past work as a waitress or a cashier and denied benefits. The case is before the Court on cross-motions for summary judgment. In the alternative, plaintiff requests remand of the matter to the Secretary.

## I. Background of the Claim

Janet Brownton is a thirty-three year old woman with a significant history of mental and physical problems related in large measure to past alcohol and drug addiction. She regularly sees a chiropractor for residual shoulder and back pain due to an automobile accident in May, 1979. She also suffers from a seizure disorder which she controls with Dilantin. Her last major seizure occurred in December, 1980, and appears to have been triggered by the ingestion of LSD.

She applied for and was awarded disability benefits in July, 1978. The Secretary terminated her benefits effective February, 1980, because he found that her mental and physical problems had improved sufficiently to enable her to return to work. [Court Transcript 201–05, decision of an ALJ, October 2, 1980] Plaintiff did not appeal the ALJ's decision of October 2, 1980, confirming the termination of her benefits. On August 6, 1981, plaintiff filed a new claim for disability benefits. That claim is the subject of this appeal.

■ The October 2, 1980, decision established that as of February, 1980, plaintiff was not disabled. That decision is entitled to res judicata effect. *Lyle v. Secretary of Health and Human Services,* 700 F.2d 566, 568 (9th Cir.1983). The Secretary is entitled to a presumption that plaintiff is capable of engaging in her past work, unless plaintiff presents evidence that her condition has deteriorated or that new bases

exist for a finding of disability. *Id.* *See also Davis v. Schweiker,* 665 F.2d 934 (9th Cir.1982).

## II. *The ALJ's Decision*

The ALJ found little objective medical evidence to support plaintiff's subjective complaints of physical pain and physical limitation. [C.T. 10] A May 12, 1980, report by an orthopedic surgeon, Dr. Clayman, described plaintiff as a well-developed, well nourished woman who had some unsteadiness of gait and joint tenderness. Dr. Clayman noted that she could touch her palms to the floor with no pain or stiffness and attributed her pain to either chronic brain syndrome or to conversion hysteria. [C.T. 310–11] A more recent report from the same doctor noted complaints of back and shoulder pain, but little physical tenderness, good motion, and no new clinical evidence to support the complaints. [C.T. 315] The chiropractor who regularly treats plaintiff stated that although her complaints of shoulder and back pain are supported by clinical x-ray findings, the clinical evidence indicates that plaintiff exaggerates the severity of the pain. [C.T. 339]

With respect to plaintiff's psychological problems upon which her claim is primarily based, the ALJ determined that plaintiff had not presented adequate objective evidence that her anxiety, phobias, nervousness and other emotional difficulties prevent her from working. He reviewed medical evidence consisting of reports from Dr. Weintraub, plaintiff's treating psychiatrist, Dr. Malon, a psychologist who evaluated plaintiff at the request of the agency on July 13, 1981, and Dr. Anderson, a psychiatrist who examined plaintiff for the agency on October 9, 1981. The ALJ also took testimony from plaintiff and considered a rather emotional written statement from her husband describing the difficulties of their daily married life. Although the treating psychiatrist, Dr. Weintraub, stated that plaintiff was not capable of any consistent employment for at least the next five years due to her anxiety, fears, panic states, depression and psychotic symptoms [C.T. 340], the other two doctors painted a somewhat different picture of plaintiff. Dr. Anderson found her to be a very tense person who handles pressure poorly. [C.T. 330] However he found her complaints of confusion to be "subjective rather than objective" and discovered no evidence of psychosis. He stated, "She seems to be quite hypochondriacal and very preoccupied with her physical symptoms and her numerous ailments." [C.T. 331] Dr. Malon, who performed a battery of psychological tests on plaintiff, found her to be of above average intelligence with a slight weakness in concentration attributable to character, not to pathology. [C.T. 321–22] He described her as an impulsive personality with a tendency to avoid coping and noted a high risk of secondary gain with financial compensation. He concluded that she was malingering. [C.T. 322]

The ALJ evaluated this evidence and found little clinical proof that plaintiff's emotional problems were disabling, noting that the more severe characterizations of her condition were based upon her own recitation of symptoms and limitations. [C.T. 12] He considered her demeanor at the hearing and noted that she was oriented and alert and described her symptoms in a detached and articulate fashion. [C.T. 7] The ALJ determined that her subjective complaints of pain and of disabling psychiatric problems were exaggerated and possibly motivated by monetary gain. [C.T. 13] Based on these findings, he concluded that she is not disabled from returning to her past work as a waitress or cashier. [C.T. 13–14]

## III. *The Applicable Law*

 Plaintiff alleges various sources of error in the ALJ's handling of her case and contends that he evaluated her claim by improper legal standards. She first claims that his failure to make a specific finding with respect to the criteria for functional mental disorders under 20 C.F.R. § 404, Subpt. P, Appendix 1 § 12.00, invalidates his conclusion that she is not disabled with-

in the meaning of the Social Security Act. This contention is without merit. Plaintiff has the burden of proving that her physical or mental impairments are of such severity that she cannot return to her former work. *Waters v. Gardner,* 452 F.2d 855 (9th Cir. 1971). Severe impairment can be proved *either* by reference to the criteria in Appendix I or by an evaluation whether a claimant's impairments significantly limit his ability to do basic work activity. 20 C.F.R. § 416.920(c), (d) (1982); *Felshina v. Schweiker,* 707 F.2d 71, 72–73 (2d Cir.1983). The ALJ made the evaluation called for in 20 C.F.R. § 416.920(c) and assessed the medical experts' opinion in the light of the Appendix I criteria, even though he did not cite that regulation.

■ Plaintiff also claims that the ALJ acted improperly in deciding to adopt the conclusion of Dr. Malon over that of the treating psychiatrist, Dr. Weintraub. In the face of conflicting evidence or evidence which is susceptible of more than one rational interpretation, the Court must affirm the ALJ's judgment. *Sample v. Schweiker,* 694 F.2d 639, 642–43 (9th Cir.1982); *Harvey v. Richardson,* 451 F.2d 589, 590 (9th Cir. 1971). Here, the ALJ was within his prerogative when he decided, based upon the entire record and upon his observations, to adopt the findings and conclusions of Dr. Malon over those of the treating psychiatrist. *Sample v. Schweiker,* 694 F.2d at 643. He properly took into account the motivation of the treating physician who may have leaned over backwards to support the application of disability benefits in assessing the weight to which his opinion was entitled. *Cummins v. Schweiker,* 670 F.2d 81, 84 (7th Cir.1982); *Carter v. Schweiker,* 535 F.Supp. 195, 203 (S.D.Ill.1982).

■ Plaintiff further contends that the ALJ did not properly consider her subjective complaints of pain and that the ALJ went beyond his competence in making "lay diagnoses" of plaintiff's psychiatric condition based upon demeanor. It is for the ALJ to determine whether the subjective experience of pain is disabling, based upon all the medical, personal, and behavioral evidence. *See Laffoon v. Califano,* 558 F.2d 253, 255 (5th Cir.1977). Here, the ALJ properly evaluated the plaintiff's complaints of severe pain with due regard for credibility, motivation, and medical evidence of impairment. *Cox v. Mathews,* 421 F.Supp. 721, 726 (N.D.Cal.1976). There is no basis in this record for the Court to set aside the ALJ's conclusions that plaintiff's pain is not so severe that she is unable to work.

The ALJ's observations of plaintiff and her demeanor at the hearing cannot be termed "medical conclusions beyond his competence." Nor were they in conflict with the expert opinion of the psychologist, Dr. Malon, and the psychiatrist, Dr. Anderson, both of whom found evidence of hypochondria. *Compare Aubeuf v. Schweiker,* 649 F.2d 107, 113 (2d Cir.1981); *Day v. Weinberger,* 522 F.2d 1154, 1156 (9th Cir. 1975).

■ Finally, plaintiff contends that the ALJ erred in evaluating the testimony of the vocational expert. When presented with hypothetical questions describing a person with symptoms attributed to plaintiff by Dr. Malon, by Dr. Weintraub, and by Dr. Anderson, the expert stated his opinion that such a person would be unemployable. [C.T. 62–64] However, when the ALJ posed the question describing the diagnosis of Dr. Clayton, *i.e.* that of a person with conversion hysteria, the vocational expert stated that such a person would be able to work in a restaurant doing counter service. [C.T. 60] It is true that an ALJ may not ask questions of a vocational expert and then ignore the responses if the answers he elicits are unfavorable. *May v. Harris,* (Transfer Binder March 1982-February 1983) Unempl.Ins.Rep. (CCH) § 14,051 (W.D.Mich.1981). However in this case, the ALJ properly relied upon the medical report of Dr. Malon and upon his own observations and made a specific finding that plaintiff was malingering. *Compare Rhodes v. Schweiker,* 660 F.2d 722, 724 (9th Cir.1981) (no specific finding of malingering or reasons for rejection of expert opinion).

Because the ALJ specifically found plaintiff to be malingering and because the vocational expert testified that a person with symptoms attributed to plaintiff by at least one of the medical experts who examined her would be capable of performing restaurant work, the ALJ's conclusion that plaintiff is not disabled from returning to her past work cannot be said to be lacking in substantial evidence in the record.

IV. *Conclusion*

Plaintiff has failed to present evidence to show that her condition has changed since February 1980, evidence needed to rebut the presumption of non-disability which arose from the res judicata effect of the ALJ's decision to terminate her benefits on October 2, 1980. *Lyle v. Secretary of HHS,* 700 F.2d 566 (9th Cir.1983). For this reason, and for the reasons stated above, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment or for remand is denied.

IT IS SO ORDERED.