**Ronnie L. JONES, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. C–86–2979 SAW.**

United States District Court,
N.D. California.

April 1, 1987.

Peter S. Young, Mill Valley, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., Stephen L. Schirle, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff Ronnie L. Jones first applied for social security benefits on November 2, 1978 because of alleged physical and mental impairments. On September 18, 1979, Administrative Law Judge ("ALJ") Johnson found that Jones was disabled by a psychiatric impairment beginning March 23, 1978. (Transcript of Administrative Record ("T.R."), pp. 237–42) During December 1980, a social security state agency commenced an investigation of Jones' continuing disability. (T.R., pp. 248) On April 13, 1981, the state agency found that Jones' disability had ended by January, 1981 and therefore terminated Jones' benefits as of March 31, 1981. (T.R., pp. 252–55)

Jones reapplied for benefits on April 28, 1983. ALJ Johnson reopened the 1981 cessation determination and held that Jones' pyschiatric disability had continued without interruption since March 23, 1978. (T.R., pp. 86–91) The Appeals Council, on its own motion, reviewed and vacated ALJ Johnson's decision, holding that ALJ Johnson did not have good cause to reopen the prior cessation determination and that his finding of continuous disability was not supported by substantial evidence. (T.R., pp. 81–85) On remand the claim was assigned to ALJ Little. (T.R., pp. 120–44) Considering himself bound by the findings of the Appeals Council, ALJ Little found that Jones' disability had ended by January, 1981. The ALJ also found that the disability had resumed as of April 20, 1984. (T.R., pp. 40–50) The Appeals Council again reviewed the claim on its own motion and upheld ALJ Little's decision, entering the Secretary's final decision on March 31, 1986. (T.R., pp. 8–15)

The Secretary's final decision is now on review before the Court on cross motions for summary judgment. The issues are whether there is substantial evidence in the record to support the findings, whether the Secretary abused his discretion, and whether the Secretary applied improper legal standards.

Jones asks the Court to determine if the Secretary's findings were based on substantial evidence. Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975). Evidence is substantial if a reasonable mind would accept it as adequate to support a conclusion. *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427. The Secretary ruled that Jones was not disabled between January, 1981 and April 20, 1984. The Secretary relies on two pieces of evidence to support this decision: the 1981 cessation determination and the absence of psychiatric examinations from 1981 to 1984.

The Secretary argues that the 1981 cessation determination creates a presumption that Jones was not disabled. *See Booz v. Secretary of HHS*, 734 F.2d 1378, 1379 (9th Cir.1984); *Lyle v. Secretary of HHS*, 700 F.2d 566, 568–69 (9th Cir.1983). However, these cases are distinguishable from the present case. *Booz* and *Lyle* both involved initial determinations that the plaintiffs were not disabled, whereas this case involves a plaintiff who had been found to be disabled and then had his benefits terminated. Congress was especially concerned about the abuses of the Secretary in cessation determinations when it enacted the Disability Benefits Reform Act of 1984, Pub.L. 98–460, 98 Stat. 1794, which established a new medical improvement standard for disability cessation. House Ways and Means Comm., Social Security Act of 1984, H.R.Rep. No. 618, 98th Cong., 2d Sess. 2, *reprinted in* 1984 U.S. Code Cong. & Admin. News 3038, 3039. This case demonstrates some of those abuses. For example, Jones, who had already been determined to be mentally disabled, was not represented by counsel at the cessation

hearing. Also, the cessation determination was based on the report of Dr. Karis, who characterized Jones as disabled. (T.R., pp. 317–21) There was no evidence that Jones had improved. Jones' cessation determination was governed by the standard in force prior to the Disability Benefits Reform Act of 1984 and, therefore, failure to meet the new medical improvement standard is not grounds for invalidating the determination. However, the fact that Congress thought it necessary to change the standard does demonstrate that a cessation determination using the old standard should not create a presumption that Jones was not continuously disabled. In this case, the cessation determination is far from substantial evidence supporting the Secretary's finding of no disability from January, 1981 to April, 1984.

Jones was not examined by a psychiatrist during the period in question. However, on August 22, 1985, Jones was examined by Dr. Karis, who found that Jones was suffering from the same disability as when Dr. Karis had first examined Jones on December 18, 1980. (T.R., pp. 411–17) Dr. Karis also saw no evidence of remission. (T.R., pp. 416–17) Dr. Yarnell's finding of April 20, 1984, that Jones was mentally disabled also is evidence of a continuous disability. (T.R., pp. 330–33) Dr. Yarnell's finding is the basis of the Secretary's decision that Jones was disabled as of April 20, 1984, but not before. However, when Dr. Yarnell's report is considered with the other evidence, it helps to demonstrate that Jones was continuously disabled. The July 19, 1983 report of Jones' personal physician, Dr. Hood, is further evidence that Jones was continuously disabled. (T.R., pp. 327–28) Although Dr. Hood, an orthopedist, did not find an orthopedic disability, he prescribed an antidepressant for Jones and referred Jones for psychiatric evaluation. Dr. Swartz, also an orthopedist, examined Jones on January 31, 1981. Although Dr. Swartz did not find Jones to be orthopedically disabled, he, like Dr. Hood, advised Jones to undergo psychiatric evaluation. (T.R., pp. 322–24) Thus, the lack of psychiatric examinations between January, 1981 and April, 1984 does

not substantially support the Secretary's decision. The lack of substantial evidence to support the Secretary's decision therefore constitutes reversible error.

Jones also argues that the Secretary's decision should be reversed because the Secretary abused his discretion. Dr. Karis' finding of no substantive change from 1980 to 1985 is uncontradicted evidence that Jones was continuously mentally disabled. Although the Secretary is not bound by uncontradicted opinions of experts, he cannot reject them without giving clear and convincing reasons. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir.1987). ALJ Little did consider Dr. Karis' 1985 examination, but he rejected Dr. Karis' opinion that Jones had remained continuously disabled "for the same reasons that I am unable to accept the 1984 report by Dr. Yarnell as evidence of continuing 'disability' since 1978." (T.R., pp. 48) ALJ Little's reason for not accepting Dr. Yarnell's report was "the report is simply not relevant to the claimant's condition more than three years before he was seen by Dr. Yarnell." (T.R., pp. 45) This reason, however, is not clear and convincing with respect to Dr. Karis, who had previously seen Jones. Thus, the Secretary abused his discretion.

Jones further argues that the Secretary, in determining the onset date of disability, did not properly apply Social Security Ruling 83–20. The Secretary argues that because of the absence of any psychiatric examination prior to April 20, 1984, the Secretary could not award benefits prior to that date. However, Ruling 83–20 provides that "factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence," and that the Secretary may infer that the onset "occurred some time prior to the date of the first recorded medical examination." S.S.R. 83–20, Cumulative Edition 1983, p. 109. The fact that there is no mention in the record that the Secretary considered this Ruling, as well as the Secretary's argument that he could not award benefits for a period prior to the April, 20, 1984 examination, show

that the Secretary did not properly apply Ruling 83–20.

The Secretary erred in finding that Jones was not continuously disabled since 1978. Because the record has been fully developed and a new administrative hearing would serve no purpose, the Court will order the Secretary to award benefits without remanding for additional evidence. *See Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir.1986). The Court is limited to ordering the Secretary to make retroactive payments only from one year before Jones' April 28, 1983 application. 42 U.S.C. § 423(b). The Court therefore will order the Secretary to make retroactive payments from April 28, 1982 until April 19, 1984. Reopening the cessation determination is purely within the Secretary's discretion. However, the Court recommends that the Secretary determine whether good cause exists to reopen and favorably revise the cessation determination issued on April 13, 1981.

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

(1) Defendant's motion for summary judgment is denied;

(2) Plaintiff's motion for summary judgment is granted;

(3) The decision of the Secretary of Health and Human Services is reversed;

(4) Plaintiff was under a "disability" as defined for purposes of Title II of the Social Security Act during the disputed interval from January, 1981 to April, 1984;

(5) Defendant shall pay plaintiff full benefits for the period from April 28, 1982 through April 19, 1984; and

(6) The parties shall bear their respective costs.