888 F.2d 1394
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Darrell KIRK, Plaintiff-Appellant,
v.
Louis W. SULLIVAN,* Secretary of Health and
Human Services, Defendant-Appellee.
 No. 88-4364.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1989.
Decided Nov. 3, 1989.
 Before PREGERSON, TROTT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, Darrell Kirk, was denied Social Security disability benefits and Supplemental Security Income benefits after a hearing before Administrative Law Judge ("ALJ") Stephen P. Kramer. In a decision rendered August 11, 1987, ALJ Kramer found Kirk capable of performing sedentary work and used the Medical Vocational Guidelines to determine that Kirk was not disabled under the Social Security Act. The applications for benefits that are the bases of this case were not the first ones filed by Kirk. He had previously been found not disabled and was denied benefits by another ALJ on April 30, 1984 regarding an earlier claim.
 
 
 3
 The district court affirmed ALJ Kramer's denial, finding that Kirk had not rebutted the presumption of nondisability arising from the prior determination of nondisability, and that ALJ Kramer's conclusion that Kirk was capable of sedentary work was supported by substantial evidence.
 
 
 4
 Pursuant to 42 U.S.C. 405(h) (Supp. V 1987), the findings and decision of the Secretary after a hearing are binding on all parties to the hearing. We have held that in absence of proof of change, a prior ruling respecting disability gives rise to a presumption that the condition continues to exist. Lyle v. Secretary of Health & Human Services, 700 F.2d 566, 568 (9th Cir.1983). To overcome the presumption of continuing nondisability arising from the prior ALJ ruling of nondisability, Kirk must prove "changed circumstances" indicating a greater disability arising after April 30, 1984, the date of the ALJ's decision in the prior claim. See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir.1988); Miller v. Heckler, 770 F.2d 845, 848 (9th Cir.1985).
 
 
 5
 Darrell Kirk has failed to overcome this presumption. The evidence does not indicate "changed circumstances," but rather "continued treatment for prior conditions," as the district court noted.
 
 
 6
 Because Kirk has failed to rebut the presumption of nondisability, the Secretary had no duty to demonstrate that Kirk was capable of performing work that exists in the national economy. See Booz v. Secretary of Health & Human Serivces, 734 F.2d 1378, 1379 (9th Cir.1984); Lyle, 700 F.2d at 569. Therefore, Kirk's contention that the Secretary failed to meet his burden is meritless.
 
 The judgment of the district court is
 
 7
 AFFIRMED.
 
 
 
 *
 Louis W. Sullivan is substituted for Otis R. Bowen, former Secretary of Health and Human Services, pursuant to Fed.R.App. P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3