**Donald B. PEARSON, (S.S. # 567–76–6158), Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CV–F–89–753 DLB.**

United States District Court, E.D. California.

Nov. 8, 1991.

Bobby J. Neal, Turlock, Cal., for plaintiff.

Daniel Bensing, Asst. U.S. Atty., Fresno, Cal., for defendant.

## MEMORANDUM DECISION AND ORDER RE: CROSS–MOTIONS FOR SUMMARY JUDGMENT

DENNIS L. BECK, United States Magistrate Judge.

Plaintiff, Donald B. Pearson, seeks judicial review of a final decision of the Secretary of Health and Human Services ("Secretary") denying his current application for disability insurance benefits pursuant to Title II of the Social Security Act ("Act"). The Court has jurisdiction under 42 U.S.C. § 405(g). The matter is currently before the Court on the parties' cross-motions for summary judgment, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Rule 307 of the Local Rules of Practice for the United States District Court, Eastern District of California.

## BACKGROUND

Plaintiff, Donald Pearson, was born on June 22, 1950, and has completed the eleventh grade. AR 53. On November 21, 1979, he was granted a period of disability benefits beginning September 9, 1977 due to massive obesity and a herniated disc. AR 13. Subsequently, the Social Security Administration reviewed his case and determined that his disability had ceased in March of 1983 due to improvement in his medical condition to the point that he was capable of engaging in substantial gainful activity. Plaintiff appealed this cessation decision and, in September 1986, filed a new application for benefits. He also asked that his benefit payments continue during the review process.

A hearing was held, and by decision dated November 19, 1987, Administrative Law Judge ("ALJ") Kelley determined that Mr. Pearson's disability did not cease until July 15, 1986. AR 372–380. He further found that Plaintiff was not entitled to benefits based upon his September 1986 application because he retained the residual functional capacity to perform a wide range of sedentary to light work. *Id.* Plaintiff did not appeal this determination. As a result of this finding, it was determined that Plaintiff had been overpaid benefits in the amount of $13,032.60. AR 381.

Shortly after learning of the Administration's intention to recover the overpayment, Mr. Pearson filed another application for disability insurance benefits on February 3, 1988, alleging disability since December 4, 1984, due to two herniated discs in his lower back. Administrative Record ("AR") 384–86 and 13. This application was denied initially and upon reconsideration. Pursuant to a timely request, a hearing was held on January 5, 1989, and by decision dated February 24, 1989, ALJ Flierl found that the prior decision by ALJ Kelly was *res judicata* and that there had been no changes in Plaintiff's condition or circumstances since July 15, 1986 which warranted reopening or revision of the prior decision. AR 13. He further found that Plaintiff retained the residual functional capacity to perform the full range of sedentary

work, and applying Rules 201.24 or 201.25, concluded that Plaintiff was not disabled. AR 16. On September 7, 1989, the Appeals Council denied Plaintiff's request for review of the hearing decision.

Still dissatisfied, Plaintiff sought judicial review of the decision of the Secretary denying him benefits by filing his complaint in the instant case on November 11, 1989. The matter is currently before the Court on the parties' cross-motions for summary judgment.

After reviewing the record in its entirety, the Court concludes that the decision of the Secretary finding Plaintiff ineligible for benefits is supported by substantial evidence and free of legal error.

## REVIEW

■ Congress has provided a limited scope of judicial review of the Secretary's decision to deny benefits under the Act. The findings of the Secretary are conclusive [42 U.S.C. § 405(g)], and the decision to deny benefits will only be overturned if it is not supported by substantial evidence or it is based on legal error. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Substantial evidence means "more than a mere scintilla," [*Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (*Richardson*)], but less than a preponderance. *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.1988). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson, supra*, 402 U.S. at 401, 91 S.Ct. at 1427. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Secretary's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985). In weighing this evidence and making findings, the Secretary must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir.1988). It is the duty of the trier of fact, and not this Court, to resolve conflicts in the evidence, and if the evidence can support either outcome, the Court may not substitute its judgment for that of the ALJ. *Richardson, supra*.

■ A claimant has the burden of proof, throughout the evaluation process, of showing that he is entitled to benefits under the Act. In order to qualify for benefits, a claimant must establish that he is unable to engage in "substantial gainful activity" due to a "medically determinable physical or mental impairment" which "has lasted or can be expected to last for a continuous period of not less than 12 months." *Marcia v. Sullivan*, 900 F.2d 172 (9th Cir.1990) *quoting* 42 U.S.C. § 423(d)(1)(A). "A claimant will be found disabled only if the impairment is so severe that, considering age, education, and work experience, that person cannot 'engage in any other kind of substantial gainful work which exists in the national economy.'" Id.

■ Initially, Plaintiff alleges that he is entitled to disability insurance benefits beginning December 4, 1984 (his alleged date of onset). However, as indicated above, ALJ Kelley previously determined that Plaintiff was not eligible for disability benefits from July 15, 1986 through November 19, 1987 (the date of the hearing decision). AR 372–80. Plaintiff did not appeal this determination, and ALJ Flierl did not reopen the prior determination; thus, both parties are bound by the finding that Plaintiff was not disabled as of July 15, 1986 through November 19, 1987. *See, Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir.1985); *Stuckey v. Weinberger*, 488 F.2d 904 (9th Cir.1973) (*en banc*); 20 C.F.R. § 404.955.

■ Once the Secretary's 1987 finding of non-disability became final, a presumption of continuing non-disability attached which Plaintiff could only overcome by a showing of "changed circumstances" indicating a greater disability. *See, Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1988); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir.1985); *Lyle v. Secretary of Health and Human Services*, 700 F.2d 566, 568–69 (9th Cir. 1983).

In the November 19, 1987 decision denying benefits, the Secretary considered the fact that Plaintiff suffered from obesity, a central and right-sided herniated nucleus pulposus at the L3–4 level of the spine, a centrally herniated nucleus pulposus at the L4–5 level of the spine, and was status post laminectomy at the L5–S1 level of the spine. AR 376.

The only ailment Mr. Pearson developed after November 19, 1987, was acute cholecystitis (inflammation of the gallbladder) which resulted in a cholecystectomy and appendectomy, without incident, on December 9, 1987. AR 439. The balance of Plaintiff's impairments existed at the time of the prior denial of benefits.

With respect to these impairments, the evidence indicates that there has been no change in their severity. Plaintiff's medications remain essentially unchanged, as do his subjective limitations and daily activities. *Compare,* AR 30, 263, 277 (medications taken during period considered by previous denial), 31–34 (subjective limitations during prior denial), and 34–38, 40, 43–44 (daily activities during prior denial) *with* AR 59–60 (medications taken during period considered by current denial), 57–58 (subjective limitations during current denial), and 61–62, 65 (daily activities during current denial). Nor has Plaintiff presented any medical evidence to show a deterioration of his condition. In fact, his treating physician, Dr. Anderson, believes that Mr. Pearsons' work-related restrictions have remained unchanged since his accident in December of 1984. *See,* AR 514. Other medical evidence indicates that Plaintiff has experienced some mild improvement in his condition. *Compare,* AR 361–62 (objective findings made by Dr. Barth during an October, 1986 examination) *with* 465–66 (objective findings made by Dr. Barth during a March 1988 examination).

Plaintiff has failed to meet his burden of showing "changed circumstances" indicating a greater disability since the November 19, 1987 decision denying him benefits, and on this basis alone, his appeal is denied.

Plaintiff asks this Court to reopen the prior determination—insisting that it has authority to do so. He is mistaken. The court has no authority to *reopen* a prior final decision of the Secretary denying benefits—that power lies solely with the Secretary. *See,* 20 C.F.R. §§ 404.987–404.988. As indicated above, our authority is limited to *reviewing* final decisions of the Secretary once a civil action has been instituted by the dissatisfied claimant within sixty (60) days after the mailing to him of notice of *such* decision or within such time as the Secretary may allow. *See,* 42 U.S.C. § 405(g). Since no appeal was taken within the time allowed by law, this Court has no power to review the November 19, 1987 decision.

Even though *res judicata* might otherwise preclude relitigation of a particular issue of relevance to the determination on a current application, the Secretary has the power to reopen prior agency determinations under certain limited circumstances. 20 C.F.R. §§ 404.987–404.989. Reopening can take place explicitly or by legal implication. *See, McGowen v. Harris,* 666 F.2d 60 (4th Cir.1981). If it is determined that the Secretary in fact reopened a claim, then the district court has jurisdiction to review the merits of the Secretary's determination. *See, Krumpelman v. Heckler,* 767 F.2d 586 (9th Cir.1985), *cert. den.* 475 U.S. 1025, 106 S.Ct. 1222, 89 L.Ed.2d 332 (1986) (*Krumpelman* ).

While at first blush, it might appear that the Secretary reopened the portion of the prior determination dealing with Plaintiff's disability claim from July 15, 1986 through November 19, 1987, a more thorough review of the decision indicates that the ALJ merely made alternative findings. The ALJ explicitly declined to reopen the prior determination and afforded it the *res judicata* effect to which it was entitled. AR 13. Where a discussion of the merits is accompanied by a specific conclusion that the claim is *res judicata,* the decision should not be treated as a reopening of the claim. *See, Krumpelman, supra,* 767 F.2d at 589. Second, the record does not reflect a basis upon which the prior determination could be reopened. *See,* 20 C.F.R. §§ 404.-987–404.989. Finally, the ALJ must exam-

ine and analyze the evidence considered in the prior decision in order to determine whether there has been a change in circumstances indicating a greater disability.

## CONCLUSION

Plaintiff's burden on this appeal was great, given the presumption of continuing non-disability which arose from the *res judicata* effect of the November 19, 1987 denial of benefits. The evidence before the Secretary was sufficient to support a finding that Plaintiff's condition had not changed since November 19, 1987. For this reason, and for the reasons stated above, the decision of the Secretary denying Plaintiff benefits is HEREBY AFFIRMED. It is further ordered that Plaintiff's Motion for Summary Judgment be DENIED, Defendant's Motion for Summary Judgment be GRANTED, and that judgment be entered in favor of Defendant.

IT IS SO ORDERED.