91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard FORSMAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,* Defendant-Appellee.
 No. 94-36029.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided July 12, 1996.
 
 Before: REINHARDT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 ALJ Madden properly relied on ALJ LaBar's finding that Forsman was not disabled. When an ALJ finds that a claimant is not disabled, there is a presumption in subsequent proceedings that the claimant is still not disabled, unless he can prove a change in conditions. Lyle v. Secretary of Health and Human Servs., 700 F.2d 566, 568-569 (9th Cir.1983). Forsman failed to present evidence to rebut the presumption created by ALJ LaBar's finding.
 
 
 3
 Forsman claims that a change in the law removed the presumption. He relies on the following statement: "[I]t is ... the general rule that res judicata is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation." State Farm Ins. Co. v. Duel, 324 U.S. 154, 162 (1945). Even assuming that the Lyle presumption is based on res judicata, a res judicata bar is generally not affected by a subsequent change in the law. See 1B James WM. Moore et al., Moore's Federal Practice p 0.415 (2d ed. 1995). The sentence on which Forsman relies is dictum, and to the extent it had any precedential value, is no longer good law in light of Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394 (1981) (reversal gained by plaintiffs who appeal does not lift res judicata bar for plaintiffs who do not).
 
 
 4
 Forsman argues that ALJ Madden erred in finding that he could do light or sedentary work and could therefore do his prior job as a gas pumper; he points to the Dictionary of Occupational Titles, which classifies gas pumper as a job requiring medium work. The classification in the Dictionary of Occupational Titles is, at best, a change in the law, which we have already explained does not rebut the presumption that Forsman is not disabled.
 
 
 5
 Forsman claims that ALJ Madden failed to follow Social Security Ruling 82-62 in finding him able to do his prior job. However, the Lyle presumption, see 700 F.2d at 568-69, exempts ALJs from developing the evidence and making the findings required by SSR 82-62.
 
 
 6
 Forsman argues that because he held the gas pumper job more than 15 years before his disability determination, ALJ Madden's findings contravene 20 C.F.R. §§ 404.1565(a) & 416.965(a), which state that the Social Security Administration "do[es] not usually consider that work [the claimant] did 15 years or more before the time [of the disability determination] applies." Forsman also claims that there is no evidence that his gas pumper job amounted to substantial gainful activity. ALJ Madden, however, did not rely on Forsman's past work experience as a gas pumper, but on ALJ LaBar's finding that, as of the date of the first disability decision (December 29, 1978), Forsman was capable of working as a gas pumper and therefore was not disabled. See ER at 245.
 
 
 7
 Forsman claims ALJ Madden improperly rejected medical testimony that Forsman had a significant mental impairment. ALJ Madden was not required to accept Dr. Moulton's medical opinion. An ALJ may disregard even uncontroverted medical testimony if he gives "clear and convincing reasons for doing so." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). ALJ Madden's specific reason for rejecting Dr. Moulton's testimony, that it was based on speculation, is legitimate and based on substantial evidence. See ER at 231-32. Furthermore, Dr. Moulton's opinion was not uncontroverted. Dr. Wadley, after "address[ing] ... the psychiatric problem as it relates to the physical complaints," stated that "[Forsman's] ability to work should be based on physical disability at this time and as our routine examination delineated nothing definitive, I should place importance on the reports you already have to answer the disability questions," ER at 40, suggesting that Forsman's mental problems were so insignificant that only Forsman's physical impairments should be considered.
 
 
 8
 Forsman argues that the Secretary was obligated to request a residual functional capacity assessment and failed to do so. However, a residual functional capacity assessment is only necessary when there is a finding of severe impairment. 20 C.F.R. § 404.1520a(c)(3). Here, ALJ Madden properly found that Forsman "demonstrated no significant mental impairment during the period in question." ER at 245.
 
 
 9
 Forsman claims that Brown v. Heckler, 713 F.2d 441 (9th Cir.1983), holds that the ALJ has a special duty to develop the record. We reversed the ALJ's decision in Brown because the ALJ refused to have a hearing and allowed evidence that should have come in testimonial form to be received only through interrogatories. Id. at 443. This does not create a general duty to gather information.
 
 
 10
 We need not reach Forsman's argument concerning the use of the medical vocational guidelines because we affirm ALJ Madden's finding that Forsman could do his prior work as a gas pumper.
 
 
 11
 AFFIRMED.
 
 
 12
 REINHARDT, Circuit Judge, dissenting.
 
 
 13
 Because the majority makes a host of serious errors, I must respectfully dissent.
 
 
 14
 The majority misunderstands the application of res judicata in this case. Forsman is not attempting to reopen the ALJ's previous determination. He is challenging the prospective operation of the presumption on the basis of changes in the law. The majority's reliance on Federated Dep't Stores is therefore misplaced. Contrary to the majority's assertion, a change in law can undermine the prospective effect of the ALJ's previous determination. E.g., Commissioner v. Sunnen, 333 U.S. 591, 599 (1948) ("A subsequent modification of the significant facts or a change or development in the controlling legal principles may make th[e previous] determination obsolete or erroneous, at least for future purposes.") (emphasis added); see also Kenneth C. Davis, Administrative Law Treatise, § 13.3 (3rd Ed.1994).
 
 
 15
 The ALJ incorrectly rejected the opinion of the medical advisor, Dr. Moulton. After reviewing the medical evidence, which admittedly was not voluminous, Dr. Moulton opined that Forsman had a somatoform disorder, which was severe according to the criteria set forth in 20 CFR § 404.1522. The ALJ rejected this testimony, not because it was contradicted by other medical evidence, but because he felt it was speculative. In so doing, he improperly substituted his "medical judgment" for that of a competent medical expert. See, e.g., Gonzalez Perez v. HHS, 812 F.2d 747, 749 (1st Cir.1987) ("The ALJ may not substitute his own layman's opinion for the findings and opinions of a physician.").[1] The majority incorrectly accepts the ALJ's conclusion as supported by substantial evidence.
 
 
 16
 Even if it were proper for the ALJ to reject out-of-hand Dr. Moulton's conclusion, the ALJ nevertheless erred in relying on the grids as the basis for determining that Forsman was not disabled. There is uncontroverted evidence in the record that Forsman has visual and hearing problems, which constitute non-exertional limitations. Where, as here, the claimant has both exertional and non-exertional limitations, the grids may not be used as the sole basis for denying a claim for disability benefits. Cooper v. Sullivan, 880 F.2d 1152, 1155-56 (9th Cir.1989); Kail v. Heckler, 722 F.2d 1496, 1498 (9th Cir.1984).
 
 
 17
 Both the ALJ's report and the majority disposition are rife with error. Therefore, I must dissent.
 
 
 
 *
 Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The majority incorrectly asserts that Dr. Wadley's testimony contradicts Dr. Moulton's. In fact, Dr. Wadley stated that Forsman had a mental impairment, and his report merely concludes that his impairment, in and of itself, was not disabling. Dr. Wadley's report did not constitute a legitimate basis on which the ALJ could rest his conclusion that Forsman had no mental limitations. Therefore, it was error for the ALJ to assess Forsman's ability at step five without considering the combined effects of his physical and mental impairments