Jerry L. KIND, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 03–35128.
D.C. No. CV–02–00030–CSO.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2005.*

Decided March 22, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Stacy Tempel–St.John, Esq., Linnell, Newhall, Martin & Schulke, P.C., Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Esq., Great Falls, MT, Michele M. Kelley, Denver, CO, for Defendant–Appellee.

Before FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM**

Jerry L. Kind appeals the district court's grant of summary judgment to the Commissioner of Social Security, which upheld the Commissioner's denial of disability benefits to him. *See* 42 U.S.C. §§ 401–434. We affirm in part and reverse and remand in part.

We first note that Kind had to show some material change in his condition since October 27, 1995, when his prior claim was decided against him. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 791–92 (9th Cir. 1997); *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir.1988); *Lyle v. Sec'y of Health &*

---

*Human Servs.,* 700 F.2d 566, 568–69 (9th Cir.1983).

■ (1) Kind initially asserts that the Administrative Law Judge improperly rejected the results of a functional capacity evaluation. We disagree. The test protocol itself generated an "invalid" result finding. The ALJ was entitled to accept that, rather than the contrary opinion of a physical therapist. *See Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002).

■ (2) Kind next argues that the ALJ erred when he disregarded certain opinions of Kind's treating and evaluating physicians. Again, we disagree. Essentially, the ALJ rejected physician opinions that relied almost entirely upon the functional capacity evaluation which had been properly rejected as invalid. *See Id.* at 956–57; *Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1995); *see also Batson v. Comm'r,* 359 F.3d 1190, 1195 (9th Cir.2004). That was proper.

■ (3) Kind next argues that the ALJ erred in his application of the medical vocational guidelines. We do not agree because the evidence showed that Kind was between two guidelines—light work and sedentary work—and that required the ALJ to consult with a vocational expert. *See Moore v. Apfel,* 216 F.3d 864, 870 (9th Cir.2000); *see also* SSR 83–12(2)(c). That is what the ALJ, in effect, did.

■ (4) Kind finally asserts that the ALJ erred when he adopted the vocational expert's opinions from the first proceeding that ended with the October 27, 1995, decision. We agree. The difficulty is that at the time of the prior proceedings, Kind was forty-nine years of age—a younger individual under the regulations. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.00(h)(1). The vocational expert considered that as part of the hypothetical question he answered in rendering his opinion. By the time of the second proceeding, Kind was fifty-three years of age—an individual approaching advanced age under the regulations. *See id.* § 201.00(g). The difference is significant. *See Lester,* 81 F.3d at 827; *Chavez,* 844 F.2d at 693–94; *cf. Moore,* 216 F.3d at 870. Because of that, the ALJ could not simply rely upon the vocational expert's earlier opinion when he determined that Kind could perform a significant number of jobs in the national economy. Thus, the determination that Kind was not disabled was improper.

Therefore, on this issue we must reverse and remand to the district court for further remand to the Commissioner for further proceedings consistent with this disposition.

AFFIRMED in part, and REVERSED and REMANDED in part, with instructions. The parties shall bear their own costs on appeal.