NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIE A. LOEWEN,

            Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

            Defendant-Appellee.

No.    19-35226

D.C. No. 3:18-cv-05419-DWC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Argued and Submitted June 3, 2020
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

    Plaintiff Julie A. Loewen challenges the denial by the Social Security

Administration (SSA) of her application for disability insurance benefits, which the

district court upheld. We affirm.[1]

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] Because the parties are familiar with the facts and procedural history of the case,
we recite only those facts necessary to decide this appeal.

Loewen was previously denied disability insurance benefits for the period beginning on January 1, 2008, and ending on March 1, 2013. She appealed that decision, but while her appeal was pending, she filed this second application for benefits, for the period of March 2, 2013 through March 31, 2014, and was again denied by another Administrative Law Judge (ALJ). The ALJ in this last case relied in part on the presumption of continuing non-disability, which she found that Loewen had not rebutted. After the ALJ denied Loewen's second application for disability benefits, another panel of our court upheld the ALJ's finding of non-disability in Loewen's first case. *See Loewen v. Berryhill*, 707 Fed. App'x 907 (9th Cir. 2017). In this appeal, Loewen challenges the second ALJ's decision on the grounds that the ALJ: (1) did not fully and fairly develop the record, (2) erroneously applied the presumption of continuing non-disability, (3) misconstrued the medical evidence, (4) improperly discounted Loewen's subjective testimony, and (5) erred in her analysis of Loewen's residual functional capacity and in finding that Loewen could participate in jobs that exist in significant numbers in the national economy.

The ALJ in Loewen's second case erred in applying the presumption of continuing non-disability under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988),[2]

---

[2] The SSA has formally adopted the *Chavez* presumption. *See* Social Security Acquiescence Ruling (AR) 97-4(9), 1997 WL 742758 (S.S.A. Dec. 3, 1997).

because the first ALJ's disability determination was not yet final as it was still pending on appeal. However, that error was harmless.

In the social security context, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).[3] Although the second ALJ prematurely applied the *Chavez* presumption, we subsequently affirmed the first ALJ's finding of non-disability. If we were to rule in Loewen's favor and remand on this issue, then the second ALJ would again have to apply the same presumption as it did the first time in assessing Loewen's claim. But substantial evidence supports the second ALJ's finding that Loewen did not rebut the *Chavez* presumption by showing "changed circumstances" since the prior adjudication period. *See Chavez*, 844 F.2d at 693; *see also Lyle v. Sec'y of Health & Human Serv.*, 700 F.2d 566, 568 (9th Cir. 1983). As a result, we conclude that the second ALJ's premature application of the *Chavez* presumption was inconsequential to the ultimate non-disability determination. Because application of the *Chavez*

---

[3] We do not apply Loewen's preferred standard, set forth in *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006), because unlike *Stout* this case does not involve an ALJ's "failure to properly discuss" its reasoning such that judicial review would be impossible without improperly relying on reasons "that the agency did not invoke in making its decision." *Id.* at 1054, 1056. Here, the ALJ's reasons were clear, and we are able to review the agency's decision on the grounds that it invoked.

3

presumption was harmless, and Loewen did not rebut that presumption, her other arguments do not overcome the ALJ's finding of non-disability.

**AFFIRMED.**